# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-4310 |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, *et al.*, : | |
|    Defendants. : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                 **OCTOBER 12, 2018**

     *Pro se* Plaintiff Edward Thomas Kennedy, a frequent litigant in this Court,[1] brings this civil action against the Commonwealth of Pennsylvania, the PPL Corporation, Joanne H. Raphael, Crawl Space Repair, Dennis Koze, Kate E. M. Tercha, Brian Seidel, Annette Hunter, Shirley M. Swavely, Kermit A. Ritter, Clyde Elliott Deal, the Monsanto Company, and Hugh Grant. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), a Motion for Authorization to File Electronically (ECF No. 3), as well as three documents titled "Take Judicial Cognizance (ECF Nos. 4, 6, 7) and one titled "Notice of a Constitutional Question" (ECF No. 5). For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis*, dismiss his Complaint, and deny his Motion for Authorization to File Electronically.

---

[1] *See Kennedy v. Monsanto Company*, Civ. A. No. 18-4086; *Kennedy v. Commonwealth of Pa.*, Civ. A. No. 18-4071; *Kennedy v. University of Notre Dame Du Lac*, Civ. A. No. 18-3747; *Kennedy v. Romano*, Civ. A. No. 18-3648; *Kennedy v. Getz*, Civ. A. No. 18-3532; *Kennedy v. Jones*, Civ. A. No. 18-3442; *Kennedy v. Commonwealth of Pa.*, Civ. A. No. 18-3374; *Kennedy v. Comm'r of Soc. Sec.*, Civ. A. No. 18-2522; *Kennedy v. Hanna*, Civ. A. No. 18-977; *Kennedy v. Comm'r*, Civ. A. No. 18-257; *Kennedy v. Equifax*, Civ. A. No. 18-214; *Kennedy v. Nester*, Civ. A. No. 17-4845; *Kennedy v. Dent*, Civ. A. No. 17-4844; *Kennedy v. Muldowney*, Civ. A. No. 17-4599; *Kennedy v. United States*, Civ. A. No. 17-4579.

I.   **PROCEDURAL HISTORY AND FACTS**

   A.   *Kennedy v. Commonwealth*, Civ. A. No. 18-4071

On September 10, 2018, Kennedy filed a Complaint against the Commonwealth of Pennsylvania, challenging a state statute criminalizing harassment. *See Kennedy v. Commonwealth*, Civ. A. No. 18-4071 (E.D. Pa.). He also filed a "Motion to Order Statute Void" and a document titled "Take Judicial Cognizance." *Id.* Essentially, Kennedy claimed that the Pennsylvania statute criminalizing harassment, 18 Pa. Cons. Stat. § 2709, exceeds the Commonwealth's jurisdiction and is therefore not constitutional.

By Memorandum and Order entered on September 27, 2018, the Court dismissed Kennedy's Complaint for lack of standing. *Kennedy v. Commonwealth*, Civ. A. No. 18-4071, 2018 WL 4635774, at *2 (E.D. Pa. Sept. 27, 2018). The Court also denied Kennedy's motions and gave him leave to file an amended complaint. *Id.* Proceedings in this matter are still pending before Judge Pappert.

   B.   *Kennedy v. Monsanto Company*, Civ. A. No. 18-4086

On September 21, 2018, Kennedy filed a Complaint against the Monsanto Company, Hugh Grant, the Commonwealth of Pennsylvania, the PPL Corporation, Joanne H. Raphael, Crawl Space Repair, Dennis Koze, and Kate E. M. Tercha, raising claims regarding various conditions at his residence. *See Kennedy v. Monsanto Company*, Civ. A. No. 18-4086 (E.D. Pa.). For example, Kennedy claimed that on September 17, 2018, he received seven communications from Koze, in which Koze "accused [him] of crimes, and threatened [him] with eviction based on his allegation of crimes by [Kennedy]." Compl. at 7, *Kennedy v. Monsanto Company*, Civ. A. No. 18-4086 (E.D. Pa.) (ECF No. 2). He also alleged that Koze and Tercha failed to provide him "with a private, secure mailbox," causing him to not receive "legal papers from a court of law because there is no secure U.S. mail delivery" for him at the home. *Id.* at 8. He further

2

asserted that because of the lack of secure mailboxes, "other tenants are aware of [his] private legal, health and financial matters." *Id.* at 10.

Kennedy went on to complain about the living conditions at his home. He alleged that Koze "practices medicine without a license in the shared space community room, and the medical devices such a[s] syringes used to draw human blood from patients by Koze do not comply with government regulations." *Id.* at 8. According to Kennedy, the "shared space kitchen and bathroom are unsanitary and are no longer kept clean, and may be at times contaminated from the unsterilized medical equipment and devices, which are also not disposed properly." *Id.* He also alleged that "[m]odern [f]ire protection is non-existent" at the residence. *Id.* Kennedy further complained that "[l]ead and other toxins are present in the . . . ceiling and walls," and that there is mold in the kitchen. *Id.* He indicated that "[c]urrent tenants cough often, and may have severe health problems due to the toxins." *Id.* at 9.

Kennedy also alleged that the residence has exposed electrical wires that "violate national standards and are a probable fire hazard, and do not comply with modern building codes." *Id.* He stated that he is "harmed by radiation from PPL Corporation Smart Meter, which is located proximate to [his] room on the second floor." *Id.* Kennedy also complained about Koze's Crawl Space Repair business, which "burns toxic materials including but not limited to rotted beams, damaged floor joists, sill plates, box sills, old damaged insulation, and mildew and fungus growth from his customer[s'] homes." *Id.* Kennedy also asserted that Tercha, as part of her farming operations, uses "toxic chemicals from Defendant Monsanto Company," and that he has been injured by the fumes. *Id.* Kennedy also faulted Koze for "falsely advertis[ing] [the] conditions of the rental on craigslist.com in the Fall of 2016." *Id.* at 11.

3

Kennedy raised ten causes of action in that Complaint: (1) trespass; (2) trespass on the case; (3) trespass on the case—vicarious liability; (4) intentional infliction of emotional distress; (5) negligence; (6) failure to provide safe living conditions; (7) failure to provide safe health conditions; (8) privacy violations; (9) failure to comply with US postal regulations; and (10) false advertising. *Id.* at 2-11. He asserted that he was invoking this Court's diversity jurisdiction, and requested declaratory and injunctive relief, as well as damages. *Id.* at 1-2, 12-14. By Memorandum and Order entered on September 26, 2018, the Court dismissed Kennedy's Complaint for lack of subject matter jurisdiction, noting that the Complaint failed to establish that complete diversity among the parties existed. *Kennedy v. Monsanto Company*, Civ. A. No. 18-4086, 2018 WL 4615855, at *3 (E.D. Pa. Sept. 26, 2018). The Court did not give Kennedy leave to file an amended complaint, noting that he could refile his claims in state court. *Id.*

C. *Kennedy v. Commonwealth*, Civ. A. No. 18-4310

Undeterred by the Court's rulings in Civil Action Nos. 18-4071 and 18-4086, Kennedy filed the Complaint now before the Court, as well as his three documents titled "Take Judicial Cognizance" and his "Notice of a Constitutional Question." In his Complaint, Kennedy reiterates the allegations and causes of action he previously asserted in Civil Action No. 18-4086. (*See generally* Compl. at 1-12.) The only addition is that Kennedy asserts that Defendants Brian Seidel, Annette Hunter, Kermit A. Ritter, Clyde Elliot Deal, and Shirley M. Swavely "are unwilling co-plaintiffs, and current or former tenants at" the residence. (*Id.* at 4.) Kennedy "believes said un-willing co-plaintiff defendants have or had the same and/or rental terms and conditions agreement" as he does. (*Id.*)

In his first "Take Judicial Cognizance" document, Kennedy asks for the Court to assign a "competent judge to administrate his Notice of a Constitutional Question." (ECF No. 4 at 1.) In

his "Notice of a Constitutional Question," Kennedy reasserts his constitutional challenge to Pennsylvania's statute criminalizing harassment, 18 Pa. Cons. Stat. § 2709. (ECF No. 5 at 1.) He states that the statute "exceeds the jurisdiction of the government, is not clearly written, and because [it] exceeds the jurisdiction of the government, [he] was injured in 2017 and 2017 in the Commonwealth of Pennsylvania in loss of rights." (*Id.*) He also alleges that he "(and all of we the people) is injured in loss of rights." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2(B)(i) requires the Court to dismiss the Complaint if it is, *inter alia*, malicious. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

## III.    DISCUSSION

Kennedy's Complaint, as well as his Notice of a Constitutional Question, are plainly malicious because they once again raise claims that Kennedy has asserted in previous lawsuits. As noted above, Kennedy's Complaint reiterates the claims regarding the various conditions at his residence that he raised in Civil Action No. 18-4086. The only difference is that Kennedy has named Defendants Brian Seidel, Annette Hunter, Kermit A. Ritter, Clyde Elliot Deal, and

5

Shirley M. Swavely as "unwilling co-plaintiffs." The fact that the Court dismissed his previous Complaint for lack of subject matter jurisdiction, however, "does not give him the right to file [another] lawsuit based on the same facts." *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986); *see Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Brodzki*, 2012 WL 125281, at *1. Moreover, to the extent Kennedy is naming Seidel, Hunter, Ritter, Deal, and Swavely as co-plaintiffs, as a non-attorney proceeding *pro se*, he may not represent these individuals in this matter or raise claims on their behalf. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed *pro se* on behalf of his children in federal court); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 917-18 (E.D. Pa. 1978) (*pro se* plaintiff may represent himself with respect to his individual claims, but cannot act as an attorney for others in a federal court).

Likewise, Kennedy's Notice of a Constitutional Question is also malicious because it duplicates claims Kennedy has raised in Civil Action No. 18-4071. As noted above, the Court dismissed his Complaint in that matter for lack of standing and provided Kennedy leave to file an amended complaint. Kennedy has not yet done so. If Kennedy seeks to proceed with his claims that the Pennsylvania statute criminalizing harassment is unconstitutional, he should do so in Civil Action No. 18-4071 rather than filing multiple lawsuits.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint. All claims Kennedy asserts on his own behalf will be dismissed as malicious. To the extent Kennedy asserts claims on behalf of Brian Seidel, Annette Hunter, Kermit A. Ritter, Clyde Elliot Deal, and Shirley M. Swavely, those claims will be dismissed without prejudice. Kennedy's Motion for Authorization to File Electronically will be denied. In light of Kennedy's filing history, the Court will place him on notice that filing new cases regarding these same events, or other events that Kennedy has alluded to in previous lawsuits, may result in restriction of his filing privileges. *See Abdul-Akbar v. Watson*, 901 F.3d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). Kennedy will not be permitted to file an amended complaint in this matter. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

                                                  **BY THE COURT:**

                                                  **/s/ Jeffrey L. Schmehl**
                                                  **JEFFREY L. SCHMEHL, J.**